# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-15364 |
| | ) | |
| ALLEN DRIVER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **Hearing Time:  9:15 a.m.** |
| | ) | **Courtroom.:     2nd Floor** |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION
## AND REIMBURSEMENT OF EXPENSES OF FRANKGECKER LLP

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Joji Takada, Chapter 7 Trustee of the Estate of ALLEN DRIVER |
| Period for Which Compensation is Sought: | December 7, 2012 through August 2, 2013 |
| Amount of Fees Sought: | $3,500.00[1] |
| Amount of Expense Reimbursement Sought: | $95.55 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is:  $0.00.

---

[1] The total incurred fees equal $5,621, but FrankGecker LLP has voluntarily agreed to reduce their fees by $2,121.00 to allow for more funds to be distributed to creditors.
{TAKADA/012/00036679.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 12-15364 |
| | ) | |
| ALLEN DRIVER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |
| | ) | (Joliet) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **Hearing Time:   9:15 a.m.** |
| | ) | **Courtroom.:     2nd Floor** |

**FIRST AND FINAL APPLICATION OF JOJI TAKADA,
CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF
<u>ALLEN DRIVER</u>**

Joji Takada, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Allen Driver (the "Debtor"), hereby submits his first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $3,500.00[2] for legal services performed by FrankGecker LLP, counsel to the Trustee, during the period of December 26, 2012 through and including August 2, 2013 (the "Application Period") and reimbursement of expenses totaling $95.55 incurred in connection with those services. FrankGecker has agreed to accept less than the amounts detailed. In support of its Application, FrankGecker LLP respectfully states as follows:

**INTRODUCTION**

1.      On April 16, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

---

[2] The fee detail identifies fees of $5,621.00, but FrankGecker has agreed to reduce fees by $2,121.00 to allow for more funds to be disbursed to creditors.

{TAKADA/012/00036679.DOC/}             2

2. Joji Takada ("Trustee") is the duly appointed and qualified Chapter 7 Trustee of the case.

3. The Section 341 meeting of creditors was held on May 9, 2012 (the "341 Meeting"). On January 31, 2013, the Trustee filed an asset report.

4. On December 7, 2012, this Court entered an order authorizing the Trustee to retain Frances Gecker and the professionals of FrankGecker LLP (collectively, "FG") as his counsel in the Case.

## THE REAL ESTATE

5. One of the assets of this estate consists of real property located at 7941 South Aberdeen, Chicago, Illinois (the "Real Estate"). The Debtor had a 25% interest in the Real Estate. Joan A. Malone, Janette C. Malone and Arthur Driver each have a 25% interest in the Real Estate with the Debtor.

6. On June 12, 2012, the Debtor and Arthur Driver attempted to transfer their interest in the Real Estate of Joan A. Malone and Janette C. Malone (the "Transfer").

7. On April 5, 2013, this Court found the Transfer to be void, and directed Chicago Title and Trust Company to record documents with the Cook County Recorder of Deeds (the "April 5 Order") acknowledging that the Transfer was void.

8. On or about April 29, 2013, the Trustee agreed to sell the estate's interest in the Real Estate for $12,000.00 to Joan A. Malone and Janette C. Malone (the "Buyers").

9. The Buyers concluded the sale to the Trustee in a timely matter.

10. This Application seeks allowance of all fees and expenses incurred by FG during the Application Period, and FG has voluntarily reduced its fees by $2,121.00.

11. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

A. **Litigation**                                                                 **$4,197.50**

FG spent **11.50** hours at a cost of **$4,197.50** on issues related to litigation over the Transfer of the Debtor's interest in the Real Estate. This included discussions with the Debtor's counsel upon learning of the Transfer, obtaining records from Chicago Title and Trustee, and ultimately filing a contempt motion against the Debtor, the Buyers, and the Chicago Title and Trustee. This was resolved by a sale of the Debtor's interest to the Buyers.

B. **Sale of Assets**                                                              **$1,423.50**

FG spent **3.90** hours at a cost of **$1,423.50** on issues related to the sale of the Real Estate to the Buyers. The Buyers, upon learning of the Trustee's contempt motion, ultimately agreed to purchase the property from the Trustee as resolution of their issues.

C. **Preparation of Fee Application - Retention**                                  **$0.00**

FG waived its time for preparation of its final fee application.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A. <u>Zane L. Zielinski</u> (ZLZ) is an associate at FrankGecker LLP. Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in

bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

### III.   CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FG during the Application Period. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibits, FG's attorneys and paralegal have spent a total of 15.40 hours providing necessary legal services for the Trustee. As a result, they request compensation in the amount of $3,500.00 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $227.27. In addition, FG has expended the sum of $95.55 for actual, necessary expenses incurred in representing the Trustee (Exhibit B). FG has voluntarily written off all expenses related to fax charges and copy charges. Expenses consist primarily of postage and travel expenses.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed

for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared a time exhibit presented in the attached Exhibit A. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing or secretarial overtime; instead, such expenses are factored into FG's normal and customary rate. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, FG's non-bankruptcy clients routinely are billed and pay these types of expenses. *See In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to F/G, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

## **NOTICE**

Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application was served on all creditors that have timely filed claims (without exhibits), the U.S. Trustee, and the Debtor's attorney.

WHEREFORE, FG respectfully requests that this Court enter an Order:

A. Allowing FG compensation for actual, necessary legal services in the amount of **$3,500.00 (a reduction of $2,121.00)**;

  B. Allowing FG reimbursement of actual, necessary expenses in the amount of **$95.55**;

  C. Authorizing the Trustee to pay FG compensation and expense reimbursement in the total amount of **$3,595.55**; and

  D. Granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated:  February 18, 2014 | Respectfully submitted, |
| | JOJI TAKADA, not individually, but as Chapter 7 Trustee of the bankruptcy estate of ALLEN DRIVER, |
| | By:   /s/      *Zane L. Zielinski*<br>   One of his attorneys |

Zane Zielinski (IL Bar No. 6278776)
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035
zzielinski@fgllp.com

# **<u>EXHIBIT A</u>**

{TAKADA/012/00036679.DOC/}

# FG FrankGecker

www.fgllp.com

November 19, 2013

Joji Takada, Chapter 7 Trustee  
6336 N. Cicero Ave.  
Suite 201  
Chicago, IL 60646

FEIN 20-1952153

**Regarding:     In re: Allen Driver ; Case No. 12-15364**

For Professional Services Rendered Through October 31, 2013

Invoice #:   5937

Per Attached Description:

| | |
|---|---:|
| Fees............................................................................................................. | $5,621.00 |
| Disbursements............................................................................................. | $95.55 |
| Total Fees and Disbursements..................................................................... | $5,716.55 |
| Previous Balance......................................................................................... | $0.00 |
| Payments..................................................................................................... | $0.00 |
| **Total Amount Due.....................................................................................** | **$5,716.55** |

325 N. LaSalle, Suite 625  |  Chicago, Illinois 60654  |  Ph: 312.276.1400  |  Fx: 312.276.0035

Joji Takada, Chapter 7 Trustee                                                                                              Page   2

Invoice Dated:  November 19, 2013

---

**Regarding:    In re: Allen Driver ; Case No. 12-15364**

For Professional Services Rendered Through October 31, 2013                              Invoice #:  5937
Per Attached Description:

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| | <u>Litigation</u> | | | |
| 12/26/2012 | Telephone call with Debtor's attorney regarding transfer of real estate to Debtor's relatives (.3); research online real estate records related to transfer of real estate (1.2); prepare subpoenas to Trust company and to Debtor's sisters (.5); revise complaint to sell join owned real estate/complaint for 549 action (1.2); prepare memorandum to Joji Takada regarding post-petition transfer issues (.2)<br>Zane L. Zielinski | $365.00 | 3.40 | $1,241.00 |
| 1/21/2013 | Review subpoena and draft follow-up compliance letter (.5).<br>Zane L. Zielinski | $365.00 | 0.50 | $182.50 |
| 1/22/2013 | Review documents related to unauthorized transfer (1.); communicate with Trustee (.1); communicate with Debtor's counsel (.1); telephone conference with title company regarding documents (.1).<br>Zane L. Zielinski | $365.00 | 1.30 | $474.50 |
| 2/12/2013 | Prepare and forward documents to client for review regarding unauthorized transfer (1.0); confer with J. Takada regarding referral issues (.2).<br>Zane L. Zielinski | $365.00 | 1.20 | $438.00 |
| 3/11/2013 | Work on civil contempt motion (1.5).<br>Zane L. Zielinski | $365.00 | 1.50 | $547.50 |
| 3/15/2013 | Revise motion for contempt and affidavit (1.0).<br>Zane L. Zielinski | $365.00 | 1.00 | $365.00 |
| 3/18/2013 | Revise Driver contempt motion (1.0).<br>Zane L. Zielinski | $365.00 | 1.00 | $365.00 |
| 3/21/2013 | Review documents from Chicago Land Trust (.3); draft revised order (.4).<br>Zane L. Zielinski | $365.00 | 0.70 | $255.50 |
| 4/4/2013 | Revise order for contempt (.3); confer with J. Takada regarding same (.1).<br>Zane L. Zielinski | $365.00 | 0.40 | $146.00 |
| 4/8/2013 | Telephone conference with J. Malone regarding settlement (.2).<br>Zane L. Zielinski | $365.00 | 0.20 | $73.00 |

Joji Takada, Chapter 7 Trustee  Page 3

Invoice Dated: November 19, 2013

**Regarding: In re: Allen Driver ; Case No. 12-15364**

For Professional Services Rendered Through October 31, 2013  Invoice #: 5937
Per Attached Description:

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| 4/9/2013 | Communicate with title company regarding Driver order (.3). Zane L. Zielinski | $365.00 | 0.30 | $109.50 |
| | Total Charges This Matter | | 11.50 | $4,197.50 |

Joji Takada, Chapter 7 Trustee  Page 4
Invoice Dated: November 19, 2013

**Regarding:** In re: Allen Driver ; Case No. 12-15364

For Professional Services Rendered Through October 31, 2013  Invoice #: 5937
Per Attached Description:

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| | **Sale of Assets** | | | |
| 4/26/2013 | Telephone conference with J. Malone regarding settlement (.2); draft memorandum to J. Takada with final settlement details (.3). Zane L. Zielinski | $365.00 | 0.50 | $182.50 |
| 4/29/2013 | Draft sale motion (.3); confer with J. Takada regarding same (.1). Zane L. Zielinski | $365.00 | 0.40 | $146.00 |
| 5/2/2013 | Telephone call with Joan Malone regarding sale of real estate and details (.2); draft motion to approve sale (.4); telephone call with J. Takada regarding same (.1). Zane L. Zielinski | $365.00 | 0.70 | $255.50 |
| 5/7/2013 | Draft motion to approve agreement with Joan Malone regarding sale of real estate (1.5). Zane L. Zielinski | $365.00 | 1.50 | $547.50 |
| 5/9/2013 | Review and revise motion to be filed (.5). Zane L. Zielinski | $365.00 | 0.50 | $182.50 |
| 7/22/2013 | Review online real estate records regarding settlement (.3). Zane L. Zielinski | $365.00 | 0.30 | $109.50 |
| | Total Charges This Matter | | 3.90 | $1,423.50 |

# **EXHIBIT B**

{TAKADA/012/00036679.DOC/}

Joji Takada, Chapter 7 Trustee                                                                                          Page    5

Invoice Dated:  November 19, 2013

---

**Regarding:    In re: Allen Driver ; Case No. 12-15364**

For Professional Services Rendered Through October 31, 2013                         Invoice #:   5937
Per Attached Description:

|  | Hours | Amount |
|---|---|---|
|  |  | $5,621.00 |

### Timekeeper Summary

| Name | Hours | Rate |
|---|---|---|
| Zane L. Zielinski | 15.40 | 365.00 |

Disbursements:

| Date | Description | |
|---|---|---|
|  | Expense | |
| 3/19/2013 | Messenger delivery to Chicago Title. | 5.52 |
|  | Messenger delivery to Allan Driver. | 57.82 |
|  | Messenger delivery to Joan Malone. | 25.49 |
| 5/9/2013 | Postage. | 6.72 |
|  | Total Charges This Matter | 95.55 |

Joji Takada, Chapter 7 Trustee                                                                Page      6

Invoice Dated:   November 19, 2013

---

**Regarding:    In re: Allen Driver ; Case No. 12-15364**

For Professional Services Rendered Through October 31, 2013                    Invoice #:   5937
Per Attached Description:

|  | Amount |
|---|---|
| Total Expenses | $95.55 |

**Total Due: This Matter**                                                     **$5,716.55**